NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY COX; MARK COX; YVONNE WILLIAMS; DAVID DAVIES, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ASSOCIATION OF OREGON CORRECTIONS EMPLOYEES, INC.; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; KATY COBA, in her official capacity as Director of the Oregon Department of Administrative Services; OREGON DEPARTMENT OF CORRECTIONS; COLETTE S. PETERS, AKA C. Peters, in her official capacity as the Director of Oregon Department of Corrections, <br><br> Defendants - Appellees. | No. 24-2763 <br><br> D.C. No. 6:22-cv-00906-AA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 1, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Four former and current public employees appeal the dismissal of their 42 U.S.C. § 1983 action against Oregon and their former union over the union's resignation policy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The plaintiffs resigned from their union, the Association of Oregon Corrections Employees (AOCE). When they informed AOCE of their wish to resign, AOCE required, or attempted to require, them to sign a cancellation form. The cancellation form indicated that AOCE may charge them a representation fee. AOCE also allegedly informed them that they would be required to pay a $500 initiation fee if they wished to rejoin the union.

1. The district court correctly dismissed the plaintiffs' first three counts for lack of standing. We review a district court's determination of jurisdictional matters de novo. *See Meland v. Weber*, 2 F.4th 838, 843 (9th Cir. 2021). The "irreducible minimum of standing" requires that a plaintiff show (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) the injury will likely "be redressed by a favorable decision" of the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted).

Here, the plaintiffs have not suffered an injury in fact. The plaintiffs allege in their first three counts that AOCE's cancellation form, the $500 rejoin fee, and AOCE's charging non-members for union representation violated their First Amendment rights to free speech and association by attempting to curb their withdrawal from the union. But they all resigned from the union. Because they do not allege that they intend to rejoin the union or seek representation, any harm from having to pay a fee to the union is too speculative to confer standing. *See Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1118–21 (9th Cir. 2022). Their risk of future injury "rests on a 'highly attenuated chain' of inferences" that they will rejoin AOCE or seek legal representation from AOCE and that AOCE will impose the rejoin fee or charge for representation. *Id.* at 1120 (citation omitted). The threat to their First Amendment rights is too speculative to satisfy Article III standing.

2. Tracy Cox, one of the four plaintiffs, brought two additional counts against the state and AOCE related to unauthorized union dues deductions taken from her paycheck after she attempted to resign from the union. The district court properly dismissed both counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We review a dismissal for failure to state a claim de novo. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).

The district court properly dismissed both counts against AOCE for lack of state action. To subject a private actor to § 1983 liability, the plaintiff must show

that the conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). *Lugar* establishes two criteria that must be met for fair attribution: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* In *Wright*, our court held that Oregon's statutory scheme "does not create a 'right or privilege' in [the union] to direct the State's deductions of union dues." *Wright*, 48 F.4th at 1122 (quoting *Lugar*, 457 U.S. at 937). Here, the alleged source of constitutional harm is not a state statute or policy but a private agreement between the union and the employees. And any failure to stop dues after a valid revocation would be a violation of Oregon law, not a product of that law. *See id.* at 1123. Tracy Cox thus fails to show AOCE's conduct was fairly attributable to the state.

The district court also correctly dismissed the constitutional claims against the state. Tracy Cox argued that Oregon took an active role in her First Amendment injuries and "facilitated the [union's] unconstitutional conduct." But the record belies this assertion. The state merely followed AOCE's directives on union membership and the resignation process.[1] Tracy Cox's Fourteenth Amendment due

---

[1] Under Oregon law, the state cannot interfere with AOCE's internal procedures. *See* Or. Rev. Stat. § 243.672(1)(b).

process claim fails as well. The state does not violate a plaintiff's due process rights by relying on a union's membership list for dues deduction authorization. *See Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1110–11 (9th Cir. 2022). And even if the state had violated Tracy Cox's due process rights, we have held that a post-deprivation remedy can satisfy a procedural due process violation. *See Miranda v. City of Casa Grande*, 15 F.4th 1219, 1226–27 (9th Cir. 2021). Here, the state provides adequate recourse for employees who experience unlawful deductions by carving out an alternative forum for employees to bring such disputes. Or. Rev. Stat. § 243.806(10) (making public employer liable for unlawful dues deductions and requiring the dispute be resolved through an unfair labor practice proceeding). Tracy Cox thus failed to state a First or Fourteenth Amendment claim against Oregon.

**AFFIRMED.**